IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE STRUM [DM1060] | : : : : : : : : | CIVIL ACTION |
| v. | | |
| JOHN A. PALAKOVICH, et al. | : | NO. 05-5280 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL　　　　　　　　　　　　　　　　　　　　　　　　January 8, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. § 2254, by a state prisoner. Petitioner is currently incarcerated at State Correctional Institution [SCI] Smithfield in Huntingdon, Pennsylvania, where he is serving a life sentence for first degree murder and an additional five (5) to ten (10) year sentence for robbery. For the reasons which follow, it is recommended that the Petition for Writ of Habeas Corpus be denied and dismissed without an evidentiary hearing.

### I. BACKGROUND[1]

The background of this case was set forth by the Court of Common Pleas of Philadelphia County as follows:

> The [petitioner] was arrested and charged with homicide and related offenses. Testimony at trial showed that the [petitioner], accompanied by Marc Johnson, shot and killed Robert Malcolm. In

---

[1] The facts in this discussion have been gleaned from Mr. Strum's habeas petition; his memorandum in support of his petition; the Commonwealth's Response, inclusive of all exhibits thereto; Petitioner's amended petition for writ of habeas corpus; the government's supplemental response; Mr. Strum's reply to Respondents' supplemental response, and the state court record.

>the early morning hours of May 20, 1995, the [petitioner], Johnson, Malcolm and others were gathered at a crack house at 41 N. 62nd Street. The [petitioner] regularly sold drugs at this location and on this occasion was armed with a handgun. Johnson possessed a sawed-off shotgun. (N.T. 12/15/97 p. 68-72; 12/16/97 p. 90-95). The [petitioner] confronted Malcolm, who also sold drugs, and ordered him to "give it up." Malcolm did not act fast enough and the [petitioner] and Johnson beat him. The [petitioner] then shot Malcolm with his handgun four times. The [petitioner] ordered Johnson to shoot Malcolm but his shotgun misfired. The [petitioner] and Johnson then beat Malcolm. (N.T. 12/15/97 p. 73-86, 131-145; 12/16/97 p. 46-48).
>
>The [petitioner] fled Philadelphia and used an alias to avoid detection. On October 18, 1996, he was arrested on an unrelated charge. A 9mm handgun was recovered from the [petitioner's] bedroom at the time of his arrest. After his release, the [petitioner] fled to Georgia where he was apprehended in February 1997. As a result of his falsely identifying himself, the [petitioner] was released and he fled to Carolina where he was arrested for Malcolm's murder. (N.T. 12/15/97 p. 140-145; 12/16/97 p. 4-6, 9-10, 34-35, 86-88; 12/17/97 p. 21).
>
>On December 18, 1997, following the presentation of testimony, the [petitioner] was found guilty of first degree murder, robbery, conspiracy and possession of an instrument of crime. On December 19, 1997, the jury fixed the penalty at life imprisonment. Formal sentencing on July 7, 1998 resulted in the imposition of an additional 5 to 10 year sentence for robbery. *Commonwealth v. Strum*, May Term, 1997, No. 0465, slip op. at 1-3 (C.C.P. Philadelphia County, February 17, 2004).

Mr. Strum filed post-trial motions in which he argued that "he is entitled to a new trial based on after-discovered evidence in the form of the recantation of co-defendant, Paul Johnson, of his trial testimony that the [petitioner] shot the victim." He further argued that "he is entitled to a new trial because the prosecutor allegedly coerced Commonwealth witness Paul Franklin into testifying falsely against him at his second trial". *Commonwealth v. Strum*, May Term, 1997 No. 0465, 1/1 slip op. at 2 (C.C.P. Philadelphia County, December 15, 1998). The motions were denied.

Petitioner filed a direct appeal in the Superior Court of Pennsylvania raising three issues for review:

>   (I) Whether the [petitioner] is entitled to an evidentiary hearing and/or a new trial based on after discovered evidence in the form of co-defendant Marc Johnson's recanted testimony which directly exculpates [Petitioner]?
>
>   (II) Whether the [petitioner] is entitled to an evidentiary hearing and/or a new trial because of prosecutorial misconduct by exerting undue influence which amounted to nothing short of coercion upon Commonwealth witness Paul Franklin?
>
>   (III) Whether the [petitioner] is entitled to an evidentiary hearing and/or a new trial because of the trial court's ruling erroneously admitting irrelevant and prejudicial evidence in the form of a handgun lacking any causal nexus to the crime for which [Petitioner] was being tried? *Commonwealth v. Strum*, No. 3453 Philadelphia 1998 slip op. at 2 (Superior Court, November 29, 1999).

The Superior Court affirmed the judgment of sentence on November 29, 1999. Mr .Strum did not seek discretionary review in the Pennsylvania Supreme Court.

On December 15, 2000, Petitioner filed a *pro se* petition for collateral relief under the Pennsylvania Post Conviction Relief Act [PCRA], 42 Pa.C.S.A. § 9541 *et seq.* Counsel was appointed to represent Mr. Strum, and an amended PCRA petition was filed. He alleged "ineffective assistance of counsel for failure to object to references to gun (not the murder weapon)". *Commonwealth v. Strum*, May Term, 1997 No. 465 1/1, Amended Petition for Post-Conviction Relief at [2]. Judge Lineberger denied the requested relief on July 10, 2003, finding the claim without merit.

Petitioner appealed the denial of PCRA relief to the Superior Court where he contended that "counsel was ineffective in failing to raise an objection during the trial, and that the purportedly

gratuitous reference to an unrelated weapon was prejudicial". *Commonwealth v. Strum*, No. 2413 Eastern District Appeal 2003 slip op. at 3 (Superior Court, February 17, 2005). The Superior Court affirmed the PCRA court's decision.

On September 14, 2005, the Supreme Court of Pennsylvania denied Mr. Strum's Petition for Allowance of Appeal. *Commonwealth v. Sttrum*, No. 112 EAL 2005, Order (Supreme Court, September 14, 2005).

On September 21, 2005, Petitioner signed and dated the instant habeas petition. It was filed in this Court on October 6, 2005.[2]

As a ground for habeas relief, Petitioner presents an ineffective assistance of counsel claim, arguing that trial counsel was ineffective "for failing to object and/or protect Petitioner's interest against the introduction of irrelevant and highly prejudicial evidence". Petition at 9.

Mr. Strum moved for leave to file an amended petition, and that motion was granted. On July 3, 2006, he filed an amended petition for writ of habeas corpus in which he claimed:

> Issue #1: Habeas applicant was denied the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution, when a police officer who as a Commonwealth witness proffered inadmissible testimonial of an unrelated weapon that was not essential evidence in the case and it's prejudicial effect upon the [petitioner] outweighed it's [*sic*] probative value, because it left the jury with the impression that [Petitioner] had the means and the murder weapon to commit the killing, and that the gun referred to may actually have been the murder weapon, when there was no nexus between the gun and the accused crime committed denying the [petitioner] a constitutional right to a fair trial before a non-tainted jury.
>
> Issue #2: Habeas applicant, Andre Strum, contends that he was denied

---

[2]For the purposes of the Report and Recommendation, under the prison mailbox rule, I will accept the earlier date, September 21, 2005, as the date of filing. *See Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998).

> the effective assistance of counsel when trial counsel failed to request that the trial judge give special precautionary instructions or rules to the jury addressing the inadmissibility of the gun testimony, so that the wrong inference would not be drawn by the jury, to believe that the unrelated gun evidence was the actual alleged murder weapon, denying this petitioner's constitutional right to a fair trial.
>
> Issue #3: Habeas applicant, Andre Strum, was denied the effective assistance of counsel when trial counsel erroneously infringed upon [Petitioner's] Due Process right to testify on his own behalf, to statements made by others, not introduced for the truth of the matter, and the exclusion deprived the [petitioner] of his right to present a testimonial defense denying him of his right to a fair trial. Amended Petition at [4], [12], [14].

The Commonwealth responded to both petitions, asserting that they are time-barred. *See* Response at 9; Supplemental Response at 3.

## II. DISCUSSION

**A. Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA or the Act][3], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions.

One of the amended provisions, 28 U.S.C. § 2244(d0, imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year from the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1).[4]

---

[3] Pub.L. No. 104-132, 110 Stat. 1214, 1219 (1996), effective date April 24, 1996.

[4] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the

In the instant case, Mr. Strum's conviction became final on December 29, 1999, when the time for seeking *allocatur* in the Pennsylvania Supreme Court expired. *See* Pa.R.App.P. 1113(a) (petition for allowance of appeal shall be filed within thirty days from the entry of the order of the Superior Court sought to be reviewed). *See e.g., Harris v. Vaughn*, 129 Fed.Appx. 684, 685 (3d Cir. 2005) (where petitioner did not file an *allocatur* petition in the Pennsylvania Supreme Court, his judgment of conviction became final thirty days after the Superior Court affirmed his convictions) and *Lopez v. Rozum*, CA No. 04-5908, 2005 WL 1322515 at *3 (E.D.Pa. June 1, 2005) (petitioner's judgment of conviction became final when the time for seeking allowance of appeal in the Supreme Court of Pennsylvania on direct appeal expired). Thus, Mr. Strum's habeas statute of limitations began on December 29, 1999, and absent any tolling, would have expired one year later on December 29, 2000.

**1. Statutory Tolling**

The AEDPA amendments include a tolling provision for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. *See* 28 U.S.C. § 2244(d)(2).

Mr. Strum's habeas statute of limitations began on December 29, 1999, and continued to run until December 15, 2000, when Petitioner filed a timely petition for collateral relief in the PCRA forum. As of December 15, 2000, 352 days of his AEDPA one-year statutory period had run.

The statute of limitation period was tolled during the entire time that Mr. Strum's PCRA

---

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D).

There is nothing in the pleadings before me to suggest that the start date for the statute of limitations period should be permitted to run from a point later in time than the date on which Mr. Strum's conviction became final.

petition was pending, from December 15, 2000, through September 14, 2005, when the Pennsylvania Supreme Court denied Petitioner's request for discretionary review. On September 15, 2005, the remainder of Petitioner's statutory period (thirteen days) began to run and expired on or about September 28, 2005. The instant habeas petition (filed on September 21, 2005) is, therefore, timely.

B. **Merits**

   **1. Exhaustion/Procedural Default**

The exhaustion rule, codified in 28 U.S.C. § 2254[5], requires a federal court to postpone habeas corpus jurisdiction, absent exceptional circumstances, until "the applicant has exhausted the remedies available in the courts of the State". The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of the state judicial proceedings. *Rose v. Lundy*, 102 S.Ct. 1198,1203 (1982); *Castille v. Peoples*, 109 S.Ct. 1056, 1059 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must

---

[5]The exhaustion requirements of 28 U.S.C. § 2254 provide:

(b)(1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(I) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

  (3) A State shall not be deemed to have waived the exhaustion requirement or be stopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

© An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

show that each claim which forms the basis of his federal habeas petition has been "fairly presented" to the State courts. *Castille*, 109 S.Ct. at 1060; *Picard v. Connor*, 404 U.S. 270, 275 (1971). Absent exceptional circumstances, Petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court. *See Picard*, 404 U.S. at 275 (1971); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993), "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available in the state court as will be employed in the federal court.").

An unexhausted habeas claim becomes procedurally defaulted when the petitioner has no additional state remedies available to pursue the issue. *See Wenger*, 266 F.3d at 223-24 (3d Cir. 2001) (when a claim has not been fairly presented to the state courts, but further state-court review is clearly foreclosed under state law, the claim is procedurally defaulted and may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default), *cert. denied*, 122 S.Ct. 1364 (2002).

Procedural default also occurs when an issue is properly asserted in the state system but is not addressed on the merits because of an independent and adequate state procedural rule. *See Sistrunk v. Vaughn*, 96 F.3d 666, 673 (1996) and *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) ("If the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal,

federal habeas review is foreclosed unless there is cause and prejudice or a showing of innocence.")

Procedural default may be excused if the habeas petitioner can show "cause" for the default and "prejudice attributable thereto", or demonstrate that the failure to consider his habeas claim will result in a "fundamental miscarriage of justice". *Wenger*, 266 F.3d at 224 (3d Cir. 2001). *See also McCandless*, 172 F.3d at 260 (3d Cir. 1999).

### 2. Standard of Review

Because Mr. Strum's habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the amended habeas standards apply to his exhausted claims.

AEDPA precludes habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d) (Supp. 1998).

In interpreting the above language, the Third Circuit has discussed the appropriate degree of deference which AEDPA requires a federal habeas court to accord a state court's construction of federal constitutional issues and interpretation of Supreme Court precedent. *See Matteo v. Superintendent, SCI Albion*, 171 F.3d 877 (3d Cir.), *cert. denied,* 120 S.Ct. 73 (1999). The Third Circuit has held that under 28 U.S.C. § 2254(d)(1), a two-step inquiry is warranted. The majority agreed that:

> (1) The proper initial inquiry for the habeas court is whether the state

court decision was "contrary to" Supreme Court precedent that governs the petitioner's claim. Relief is appropriate only when the petitioner shows that "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court". *Id.* at 891 (3d Cir. 1999).

(2) In the absence of such a showing, the habeas court must then ask whether the state court decision represents an "unreasonable application" of Supreme Court precedent. This inquiry is an objective one, namely, whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified." *Matteo*, 171 F.3d at 891 (3d Cir. 1999).

The United States Supreme Court has set forth the scope of habeas review after AEDPA. *See Williams v. Taylor*, 120 S.Ct. 1495, 529 U.S. 362 (2000). According to the *Williams*' majority:

We [the Supreme Court Justices] all agree that state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated. [. . .] In sum, the [AEDPA] statute directs federal courts to attend every state-court judgment with utmost care, but it does not require them to defer to the opinion of every reasonable state-court judge on the content of federal law. If, after carefully weighing all the reasons for accepting a state-court's judgment, a federal court is convinced that a prisoner's custody-or, as in this case, his sentence of death-violates the Constitution, that independent judgment should prevail. *Williams*, 120 S.Ct. at 1511 (2000).

Under AEDPA, a federal reviewing court must presume that factual findings of state trial and appellate courts are correct. The presumption of correctness may only be overcome on the basis of clear and convincing evidence to the contrary. *See Stevens v. Delaware Correctional Center, et al.,* 295 F.3d 361, 368 (3d Cir. 2002).

### 3. Ineffective Assistance of Counsel Claims

All three claims in Mr. Strum's amended habeas petition allege ineffective assistance of trial counsel. In order for a petitioner to establish ineffective assistance of counsel under the federal

*Strickland* standard, he must show: [1] that counsel's performance was "deficient" and [2] that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To demonstrate that counsel's performance was deficient, the petitioner must show that counsel's representation fell below an objective standard of reasonableness based on the facts of the particular case, viewed as of the time of counsel's conduct. *See Senk v. Zimmerman*, 886 F.2d 611, 615 (3d Cir. 1989) (*quoting Strickland*, 466 U.S. at 688, 690 (1984)).

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for unprofessional errors, the result would have been different. This standard is less strict than the "more likely than not" standard. *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992), *cert. denied*, 507 U.S. 954 (1993). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 358 (*quoting Strickland*, 466 U.S. at 694 (1984)).

As the Supreme Court has prescribed a rule which governs Mr. Strum's ineffective assistance of counsel claims, the *Strickland* standard "shape[s] the contours of an appropriate analysis of a claim of constitutional error to merit review of a state court's decision under section 2254(d)(1)'s 'contrary to' prong". *Matteo*, 171 F.3d at 886 (3d Cir. 1999).

    a. The Nine-Millimeter Gun

Mr. Strum's first claim alleges ineffective assistance of counsel because trial counsel failed to object to testimony about a nine-millimeter gun which was seized during Petitioner's arrest in North Carolina. Having been presented to the state courts, this claim is properly before me.

As the Superior Court of Pennsylvania opined concerning this allegation:

> The testimony at issue concerns the Commonwealth's direct examination of a police officer who arrested [Petitioner], while [Petitioner] was a fugitive in North Carolina. Officer Vincent R.

11

Johnson of the Raleigh, North Carolina Police Department testified that a 9mm semi-automatic firearm was recovered from [Petitioner's] bedroom at the time of the arrest. (Notes of testimony, 12/16/97 at 4-5.)  Trial counsel made no objection to the testimony.

[Petitioner] argues that the weapon was not relevant to establish that he was near the scene of the crime, that the existence of this weapon did not corroborate the testimony of any of the witnesses, and that the weapon was not essential to corroborate or rebut the testimony of any of the witnesses. [Petitioner] states that the only purpose served through reference to the weapon was to prejudice [Petitioner] at trial ([Petitioner's] brief at 20.)

. . . . .

In the case herein, . . . it appears the weapon could not have been used in commission of the crime, as the ballistics evidence did not match.  Officer John Finor of the Philadelphia Police Department, Firearms Identification Unit, testified that:

> Q.   Now, in this particular case did you receive any guns that matched other ballistics or projectile evidence that you received?
>
> A.   No.  I did not examine any firearms or the caliber of the projectiles.

Notes of testimony, 12/16/97 at 139.  Officer Finor went on to testify that the caliber of bullets recovered from the scene of the crime were .38 or .357.  *Id.* at 139-140.  Moreover, the bullets recovered from the victim's body were also .38/.357.  *Id.* at 144-145.

> Q.   Now, at my request did you come in contact with authorities from the Raleigh Police Department regarding a gun that was recovered?
>
> A.   Yes, Sir.
>
> Q:   Okay.  Did you have a – did you speak to them regarding that gun?
>
> A:   Yes, Sir.
>
> Q:   Okay.  Did it match this particular or any of

12

> > the ballistics evidence that you received in this case?
>
> A: As per conversation with Special Agent Langley of the North Carolina State Bureau of Investigation, **the gun was a different caliber with different characteristics than what I have here, and it could be ruled out via telephone without even looking at it.**

> *Id.* at 142-143 [emphasis added by Superior Court]. Therefore, the caliber of the weapon recovered in North Carolina was of a different caliber than the weapon used in commission of the crime.
>
> . . . . .
>
> As in *[Commonwealth v.] Robinson* [554 Pa. 293, 721 A.2d 344 (1998), *cert. denied*, 528 U.S. 1082 92000)], the firearm herein was not suitable to commission of the crime charged, as it was a different caliber of weapon. Therefore, the exception to the general rule does not apply, and a weapon that cannot be suitably linked to a crime is not admissible as evidence.
>
> . . . . .
>
> [Petitioner] appears to have met his burden of establishing the arguable merit of trial counsel's ineffectiveness in failing to object to reference of the weapon at trial, and there appears to be no strategic basis for counsel's failure to so object. *[Commonwealth v.] Kimball*, [555 Pa. 299, 724 A.2d 326 (1999)] at 312, 724 A.2d at 333.
>
> The question remains, then, whether but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* [Petitioner] has failed to establish this prong of our inquiry.
>
> The evidence introduced by the Commonwealth implicating him in the crime included the testimony of his co-conspirator, the testimony of Paul Franklin who stated that [Petitioner] had told him that he had shot and killed the victims, the testimony of two eye witnesses placing [Petitioner] at the scene of the murder, and [Petitioner's] own evasive conduct, including flight.
>
> Thus, we affirm the holding of the PCRA court as [Petitioner] failed to establish prejudice. *Commonwealth v. Strum*, No. 2413 Eastern District Appeal 2003, slip op. at 3-8.

13

I agree with the Pennsylvania Superior Court that though trial counsel erroneously failed to object to the reference of the 9mm weapon at trial, Mr. Strum failed to establish prejudice because of it. As noted in the above-quoted opinion, the evidence against Petitioner included the testimony of Mr Johnson, his co-conspirator, implicating him in the crime; the testimony of Mr. Franklin, who said that Mr. Strum had told him that he had shot and killed the victim, and who witnessed the immediate aftermath of the crime; the testimony of two eyewitnesses placing Petitioner in the house of the murder; and Mr. Strum's own conduct, which included flight to another state. Additionally, the prosecution's ballistics expert, Officer Finor, testified that the gun found in North Carolina was not the gun used to shoot the victim, thereby informing the jury that the gun was not the murder weapon. The state court's resolution of the issue was not contrary to nor an unreasonable application of federal law.  Petition is not entitled to federal habeas relief on this claim.

      b.  Precautionary Instructions to the Jury

In his second claim, Mr. Strum asserts ineffective assistance of trial counsel because counsel did not ask the trial judge to give precautionary instructions to the jury concerning the inadmissibility of the gun testimony.

This claim was not presented in the state courts, and it cannot be asserted there now,[6] making it procedurally defaulted.  Furthermore, even if it were not defaulted, it is meritless.  After hearing the testimony of Officer Finor that "the gun was a different caliber with different characteristics than what I have here, and it could be ruled out via telephone without even looking at it", it escapes me how the jury could infer that the unrelated gun was the actual murder weapon.  Federal habeas corpus

---

[6] Except for limited circumstances which do not apply here, any petition under the PCRA must be filed within one year of the date Petitioner's judgment becomes final.  *See* 42 Pa.C.S. § 9545(b).

relief is not warranted here.

   c. <u>Denial of the Right to Testify on his own Behalf</u>

  Mr. Strum's final claim in his amended habeas petition asserts that counsel was ineffective by not permitting Petitioner to testify at trial on his own behalf, thus infringing upon Mr. Strum's due process rights.

  As this claim was not presented in the state courts, it, too, is procedurally defaulted and, thus not properly before me. I see nothing in the record before me, nor does Mr. Strum make a showing, to support a finding of cause and prejudice, or a miscarriage of justice, to excuse the procedural default of this claim.

## **RECOMMENDATION**

  For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

              BY THE COURT:


               S/M. FAITH ANGELL
               M. FAITH ANGELL
               UNITED STATES MAGISTRATE JUDGE