THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE STRUM** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 05-5280** |
| | : | |
| **JOHN A. PALAKOVICH, et al.** | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                       **March 19, 2014**

Seven years after his habeas petition was denied, Andre Strum filed a motion under Federal Rule of Civil Procedure 60(b). He seeks relief from the denial of his habeas petition filed under 28 U.S.C. § 2254 in 2005. Relying on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014), he contends that his case should be reopened.

Strum's motion is untimely. Even if the motion were timely, he would not be entitled to relief because *Martinez* is inapplicable to his case. Therefore, we shall deny his motion.

**Background**

On December 18, 1997, Strum was convicted of first-degree murder, robbery, possession of an instrument of crime and criminal conspiracy.[1] He was sentenced to life in prison on the murder count, a consecutive term of five to ten years for robbery

---

[1] Pet'r's Mot. for Relief from J. Pursuant to Rule 60(b), Fed. R. Civ. P. (Pet'r's Mot.) ¶ 2 (Doc. No. 33).

and a concurrent term of four to eight years for the conspiracy.[2]  Trial counsel filed a direct appeal.[3]  The Superior Court affirmed judgment on November 29, 1999.[4]  One year later, Strum filed a *pro se* PCRA petition.[5]  Appointed counsel amended the petition to assert an ineffective assistance of counsel claim for trial counsel's failure to object to "evidence of a gun that was not the murder weapon."[6]  The trial judge, acting as the PCRA judge, denied the petition.  Strum, through newly appointed counsel, filed an appeal to the Pennsylvania Superior Court.[7]  His appeal was denied.[8]  The Pennsylvania Supreme Court then denied his petition for allowance of appeal on September 14, 2005.[9]

Strum filed a *pro se* petition for a writ of habeas corpus on September 21, 2005.[10]  In his initial petition, he contended that trial counsel was ineffective because he failed to object to testimony about a gun seized during petitioner's arrest.  In July, 2006, he amended the petition to add two more ineffective assistance claims.  He claimed his

---

[2] *Id.* ¶¶ 3-4; Commonwealth's Resp. to Mot. for Relief Under Fed. R. Civ. P. 60(b) at 3 n. 1 (Resp. to Pet'r's Mot).

[3] Pet'r's Mot. ¶¶ 6-7; Resp. to Pet'r's Mot.at 3.

[4] Pet'r's Mot. ¶ 7.

[5] *Id.* ¶ 9.

[6] *Id.* ¶ 10.

[7] *Id.* ¶ 13; Resp. to Pet'r's Mot. at 4.

[8] Report and Recommendation (Doc. No. 20) at 4.

[9] *Id.*

[10] Pet'r's Mot. ¶ 14.  Originally the petition only contained one claim: that trial counsel was ineffective for failing to object to testimony about the 9 millimeter handgun that was not the murder weapon.  Pet'r's Mot. at 9 (Doc. No. 1).  He received permission to amend his petition to include three additional claims.  Resp. to Pet'r's Mot. at 4.

trial counsel failed to request a limiting jury instruction on the "inadmissibility" of the gun testimony and prevented him from testifying on his own behalf.[11]

Magistrate Judge Angell recommended the petition be denied without an evidentiary hearing.[12] She concluded that there was no merit to Strum's first claim.[13] She determined that the remaining claims were procedurally defaulted.[14] Nevertheless, she concluded that the second claim was also meritless.[15] Her Report and Recommendation was approved and adopted. The petition for writ of habeas corpus was dismissed.[16] On October 4, 2007, the Third Circuit denied a certificate of appealability.[17]

Now, pursuant to Rule 60(b)(6), Strum seeks relief from the Order denying his habeas petition. He contends that his PCRA counsel failed to raise all ineffective assistance claims.[18] He seeks reconsideration of the procedurally defaulted claims that PRCA counsel was ineffective in failing to raise trial counsel's ineffectiveness for failing to request a cautionary instruction concerning testimony about the gun, and for "failing to permit petitioner to testify on his own behalf."[19]

---

[11] Pet'r's Mot. ¶ 15.

[12] Report and Recommendation at 1 (Doc. No. 20).

[13] *Id.* at 13-14.

[14] *Id.* at 14, 15.

[15] *Id.* at 14.

[16] Order (Doc. No. 25).

[17] USCA Order (Doc. No. 31).

[18] Pet'r's Mot. at 8.

[19] *Id.* ¶ 20.

## Analysis

Of the six available grounds for relief from a judgment afforded by Rule 60(b), Strum relies upon Rule 60(b)(6), the catch-all provision that allows a district court to vacate a prior judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). However, relief under Rule 60(b)(6) is granted only in "extraordinary, and special circumstances." *Green v. White*, 319 F.3d 560, 563 n. 1 (3d Cir. 2003). Such extraordinary circumstances "rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. A change in the law, by itself, seldom amounts to an extraordinary circumstance justifying Rule 60(b)(6) relief. *Reform Party of Allegheny Cnty. V. Allegheny Cnty Dep't of Elections*, 174 F.3d 305, 311 (3d Cir. 1999) (en banc).

Strum's motion is untimely because it was not brought within a reasonable time. There is no specific time limit for filing a motion pursuant to Rule 60(b)(6). But, it must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing Fed. R. Civ. P. 60(b)).

Strum provides no reason, much less a compelling one, for raising his new ineffectiveness claims seven years after his petition was denied and more than two years after *Martinez* was decided. Such a lengthy period of time is not reasonable for purposes of a Rule 60(b) motion. *See Moolenaar*, 822 F.2d at 1348 (finding rule 60(b)(6) motion brought almost two years after order at issue was untimely); *United States v. Real Property Located at 1323 South 10th Street, Philadelphia, PA*, No. 91-5848, 1998 WL 470161, at *2 (E.D. Pa. Aug. 11, 1998) (concluding that four-year delay between order and Rule 60(b)(6) motion was unreasonable.).

Strum's motion is completely silent on the reason for this delay. Nor are we are able to discern any facts to support an inference that the delay was justified. Hence, we conclude that his Rule 60(b)(6) motion is untimely.

Even if Strum's petition were timely, he has not demonstrated "extraordinary circumstances" warranting relief under Rule 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005). Strum's reliance on *Martinez* as an intervening change in decisional law entitling him to relief is misplaced.

Strum bases his motion on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014). He argues that these cases excuse his procedural default. He appears to implicitly accuse his PCRA and appellate attorneys of ineffectiveness for not raising the procedurally defaulted claims.

In *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991), the Supreme Court held that post-conviction counsel's negligence does not establish cause excusing default. In *Martinez*, the Supreme Court announced a "narrow exception" to the *Coleman* rule. *Martinez*, 132 S.Ct. at 1315. It held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. The Court limited its holding to those cases where state procedural law barred defendants from raising claims of trial counsel's ineffectiveness on direct appeal and instead required them to be first raised in an initial-review collateral proceeding, the first collateral proceeding in which the claim could be heard. *Id.*

5

Strum does not qualify for the *Martinez* exception because he has not demonstrated that his procedurally defaulted ineffective assistance claim is "substantial." Without describing how he was "prevented" from testifying on his own behalf, Strum merely states that the claim is "solid."[20]

Additionally, Strum cannot demonstrate that the default was caused by counsel's ineffectiveness or the lack of counsel because he was represented by counsel at the state collateral review, who did raise trial counsel's ineffectiveness. After that petition was denied, Strum was again appointed counsel to appeal the denial of collateral relief.

*Martinez* only requires that petitioners have the opportunity to raise claims of ineffective assistance of counsel on claims that would otherwise be procedurally defaulted. Strum was represented by three different lawyers in state court at every stage, including trial, collateral review, and collateral appeal. Therefore, *Martinez* does not apply to Strum's claim because he was not denied an opportunity to raise ineffective assistance claims.

If *Martinez* did apply, it still would not benefit Strum. In *Cox*, the Third Circuit held that *Martinez* could serve as a proper basis for Rule 60(b) relief in the rare case. *Cox*, 757 F.3d at 124-25, n.8. At the same time, the Third Circuit made clear that "the jurisprudential change rendered by *Martinez*, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief." *Id.* at 124. It also explained that "the *Martinez* exception to procedural default applies only where the petitioner demonstrates ineffective assistance of post-conviction counsel as well as a 'substantial' claim of ineffective assistance at trial" *Id.* at 124 (citing *Martinez*, 132 S.Ct. at 1318).

---

[20] Pet'r's Mot. at 10.

6

To obtain Rule 60(b)(6) relief, Strum must establish "much more" than a change in the law. *Cox*, 757 F.3d at 115. He must demonstrate "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Id.* (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

In this case, Strum baldly states that "the Rule 60 motion presents extraordinary circumstances." But, he has not demonstrated the existence of any.[21]

That does not end the analysis. *Cox*, while reminding us that Rule 60(b)(6) relief is rare, instructs us to consider each case on its own when the petitioner relies upon a change in the law. Consequently, we must consider all the facts and circumstances of the petitioner's case. *Cox*, 757 F.3d at 124.

Factors to consider in the equitable analysis are: (1) the merits of the underlying ineffectiveness of counsel claim; (2) whether the merits were ever considered before judgment; (3) the time that passed after the conviction and the filing of the initial habeas petition; (4) the petitioner's diligence in pursuing his ineffectiveness of counsel claims; and (5) whether it is a capital case. *Cox*, 757 F.3d at 124-25.

In her Report and Recommendation, Magistrate Judge Angell considered Strum's first two claims on the merits. She did not address the merits of his claim that trial counsel was ineffective in "erroneously infring[ing] upon [his] Due Process right to testify on his own behalf." Instead, she recommended that it be dismissed as a procedural default. Thus, this is the only claim that could come within the *Martinez* rule.

Strum's recent claim of ineffectiveness is meritless. He has not provided any explanation for why he had not made such a fundamental claim throughout the years he litigated his case. Indeed, he did not raise it in his *pro se* PCRA petition or his original

---

[21] Pet'r's Mot. at 11.

7

*pro se* habeas petition. The first time he raised the issue was in his amended § 2254 motion. Had he been "prevented" from testifying at his trial as he claims, he certainly would have raised the issue himself or brought it to the attention of the attorneys whom he now claims failed to argue it. Under the circumstances, his claim is of dubious, much less substantial, merit.

Strum has not been diligent in pursuing his claim that trial counsel prevented him from testifying at trial. Seven years have passed since his habeas petition was denied and two years have passed since *Martinez* was decided. Again, Strum offers no excuse for this inordinate delay. Not until he filed his amended habeas petition in July, 2006 did he make this claim. He did not make it on direct appeal, before the PCRA court or in his original habeas petition. Strum filed his PCRA petition and his habeas petition *pro se*. Certainly, if he had wanted to testify at trial and his attorney did not allow him, he knew it. Yet, he never raised it until he filed his amended habeas petition more than seven years after his conviction. He cannot blame counsel.

## Conclusion

Strum is not entitled to relief under Rule 60(b)(6) because his motion is untimely. Even if it were not, *Martinez* does not afford him relief. Therefore, his motion will be denied.